### In the Matter of William S. Corwin.

*(District Court, S. D. New York.* April 8, 1880.)

BANKRUPTCY—SPECIFICATIONS IN OPPOSITION TO DISCHARGE OF BANK-
RUPT — NEWLY DISCOVERED EVIDENCE — REV. ST. § 5120.—Section
5120 of the Revised Statutes does not authorize a rehearing or new trial
upon specifications filed in opposition to the discharge of a bankrupt
heard and determined before the discharge, even if the opposing cred-
itor can adduce new facts, happening since the discharge, which would
be competent evidence if a new trial were authorized by the statute.

*Starr & Hooker*, for petitioners.

*H. E. Howland*, for bankrupt.

CHOATE, J. This is a petition under Rev. St. § 5120, to vacate the discharge of the bankrupt. It was filed within two years after the discharge was granted. It appears by the petition that these petitioners filed specifications in opposi-tion to the discharge, which were tried, and resulted in a

decision in favor of the bankrupt. The petition sets forth, as grounds for avoiding the discharge, some of the same specifications only. It also alleges facts which, if true, tend to show that certain acts of the bankrupt since he obtained the discharge would, if the trial of the specifications were now had, be competent evidence in proof of the specifications. The petition does not allege that the petitioners had no knowledge of the acts alleged in the specifications as grounds for avoiding the discharge before the same was granted.

The bankrupt has appeared and objects that the petition states no case against him, under section 5120, which he should be required to answer.

I think it is clear that section 5120 does not authorize a rehearing or new trial upon specifications heard and determined before the discharge, even if the opposing creditor can adduce new facts, even the conduct of the bankrupt happening since the discharge, which would be competent evidence in case of a new trial, or a discovery since the discharge of new evidence, tending to support the specifications. The evident purpose of section 5120 was to give creditors who had failed to oppose the discharge, for the reason that they had no knowledge before the discharge that the grounds now alleged for opposing it existed, an opportunity within two years to make the necessary charges and to prove them.

The privilege given is not so broad as the right to a new trial on newly discovered evidence, and I think it cannot be claimed that a creditor, who, before the discharge, filed specifications setting forth, by way of charge against the bankrupt, fraudulent acts, had no knowledge of those acts. He necessarily had such knowledge of them that he was able to allege them; and it must be assumed as against him that he alleged them in good faith, and upon such information as justified him in doing so. This section does not provide that the creditor must have had no knowledge of all the evidence which may be produced to support the charges, but no knowledge of the fraudulent acts charged. It is based on the theory that if the creditor knows of the fraudulent acts, then, with the power given by the act to examine the bankrupt

himself, and to produce other testimony, he has a sufficient opportunity to prove them so as to defeat a discharge. But, if he has no knowledge whatever of the acts, his failure to file specifications is excused, and he will be heard to make the charge afterwards within two years. This seems to me to be the reasonable construction of the section. Any construction, in effect, conferring a right to a new trial as between the same parties, upon the same case before tried, upon newly discovered evidence, would take from the discharge, as it seems to me, that finality which, except as to creditors really having no knowledge whatever of the existence of valid grounds for opposing the discharge, it was intended to have.

Petition dismissed.